FILED
 2011 Dec-21 PM 12:14
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| PAULA LEWIS, | ) |
| Claimant, | ) ) ) |
| vs. | ) ) Case No. CV-09-S-1966-E |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on claimant's motion for attorney's fees.[1] Counsel for claimant seeks $10,554.56 as an attorney's fee, representing twenty-five percent of the total past-due benefits awarded to claimant, in accordance with counsel's contingency fee agreement with claimant, less $2,503.09 that could have been awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").[2] The Commissioner does not object to the amount of fees requested by claimant, but instead argues that the fee request should be denied as untimely.[3]

---

[1] Doc. no. 13.

[2] Claimant's attorney did not file a motion for EAJA fees because his office mis-calendered the deadline for filing such motions. Doc. no. 13, at 2-3. Claimant bases the $2,503.09 figure for fees he *could* have collected under the EAJA on counsel's performance of 2.35 hours of work in 2009, at a rate of $172.25 per hour, and 11.95 hours of work in 2010, at a rate of $175.00 per hour. *See id.* at 2 n.1.

[3] *See* doc. no. 14.

This court entered an order on April 29, 2010, granting the Commissioner's motion for a remand pursuant to Sentence Four of 42 U.S.C. § 405(g),[4] and remanding the case to the Commissioner for additional consideration of claimant's entitlement to benefits.[5]  Nothing further occurred in the case until November 16, 2011, when claimant's motion for attorney's fees was filed.

The Commissioner asserts that claimant's petition for attorney's fees was untimely because it was filed more than fourteen days (and, indeed, more than a year and a half) after this court's remand order.  Federal Rule of Civil Procedure 54 provides, in pertinent part, that a motion for attorney's fees must "be filed no later than 14 days afer the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  The Eleventh Circuit has held that the Rule 54(d) deadline applies to a claim for attorney's fees pursuant to 42 U.S.C. § 405(g).  *Bergen v. Commissioner of Social Security,* 454 F.3d 1273, 1277 (11th Cir. 2006) (citing *Pierce v. Barnhart,* 440 F.3d 657, 663-64 (5th Cir. 2006)).  Unfortunately, though, the Eleventh Circuit expressly declined to decide in *Bergen* when the fourteen-day period for filing a fee petition begins to run. *Bergen,* 454 F.3d at 1277-78 ("Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and

---

[4] The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

[5] Doc. no. 12.

2

merely hold that the petitions were timely."). Even so, the Eleventh Circuit did suggest "the claimants could have avoided the confusion about integrating Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406(b) by moving the district court for an extension of the 14 day period described in Fed. R. Civ. P. 54(d)(2)(B) when the district court remanded their case." *Id.* at 1278 n.2. In a later opinion, the Eleventh Circuit suggested that "another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstances." *Blitch v. Astrue,* 261 Fed. Appx. 241, 242 n.1 (11th Cir. 2008). In accordance with these principles, other district courts within this circuit have construed *Bergen* as allowing apetition for attorney's fees to be filed within fourteen days of the claimant's receipt of the Notice of Award from the Commissioner. *See, e.g., Rosenthal v. Astrue,* No. 5:10–cv–67–Oc–10TBS, 2011 WL 6010348, at *2 (M.D. Fla. Nov. 30, 2011) ("The Social Security Administration sent the Plaintiff its award letter on October 11, 2011 . . . . Thus, the 14-day limitations period did not expire until October 25, 2011 — the date the Plaintiff filed his motion for attorneys fees in this Court . . . ."); *Cook v. Commissioner of Social Security,* No. 3:08-cv-912-J-34MCR, 2010 WL 2871816, at * 1 (M.D. Fla. July 20, 2010) ("In light of the fact there is no general order or local

rule which institutes procedures for seeking 406(b) fees, the Court will utilize the most liberal reading of Rule 54(d)(2)(B), *i.e.*, construing the 14 day limitation period to begin on the date the notice of award is served.").

This court agrees with the district courts cited above and concludes that the fourteen-day period for filing a petition for attorney's fees begins to run on the date the claimant receives the Notice of Award from the Commissioner.[6]  First of all, this result makes practical sense.  As the Eleventh Circuit observed in *Bergen,* the amount of the fee due to a claimant's attorney usually cannot be determined on the date of a court's order of remand to the Commissioner.  Instead, because most attorneys representing Social Security claimants enter into a contingency fee agreement with their clients (usually for 25% of the amount of any past-due benefits collected by the claimant), there is no way to know how much money the attorney is entitled to until the claimant knows how much she will receive in past-due benefits.  *See Bergen,* 454 F.3d at 1276.  Also, allowing an attorney to file a fee petition within fourteen days of his client's receipt of the Notice of Award from the Commissioner will further the policy of facilitating the collection of fees by attorneys representing Social Security claimants and thereby making them more willing to continue representing other claimants.

---

[6] In fact, this court routinely grants motions by claimants to extend the deadline for filing a petition for attorney's fees to fourteen days after receipt of the Notice of Award.

In accordance with all of the foregoing, the deadline for filing a petition for attorney's fees began to run on November 9, 2011, the date on which claimant received notice of the Commissioner's award of past-due benefits.[7]  Because claimant's fee petition was filed on November 16, 2011, less than fourteen days later, it was timely.

Finally, pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), this court has reviewed the contingency fee agreement entered into between claimant and her attorney, considered the reasonableness of the fee yielded by that agreement, and finds that the amount requested is reasonable under the circumstances of this case. *See id.* at 807 (holding that a 25% contingency fee agreement is presumptively reasonable subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases").

Claimant's motion for attorney's fees is GRANTED, and claimant's counsel is AWARDED the amount of Ten Thousand Five Hundred Fifty-Four and 56/100ths Dollars ($10,554.56) as an attorney's fee for work performed in this action.

DONE this 21st day of December, 2011.

_____
United States District Judge

---

[7] *See* doc. no. 13, at Exhibit 1 (November 9, 2011 Notice of Award).